Martin, J.
This case was before us about two years ago, and was remanded for a new trial; judgment was given as before, and the case is brought back by the same party. 6 Martin, 502.
It appears that the plaintiff gave certain goods to J. Howe & co. to be sold at auction; *22 that they were so sold, and said J. Howe & co. have absconded, and the proceeds are still unpaid to the plaintiff, who thinks he has a claim therefore against the defendant. He has endeavoured to shew, that a partnership existed between the defendant and J. Howe & co., but on this point I think the district judge did not err in concluding that he failed.
East'n District.
May, 1821.
An attempt has been next made to charge the defendant, on the ground that J. Howe & co. were his agents, and he is liable for their misconduct. But the evidence rather shews that the defendant was the agent of J. Howe & co. The defendant, as auctioneer, attended at the call of J. Howe & co. at their store, to sell as an auctioneer, such goods as had been committed to their care, for the purpose of being so sold. He did so, content with receiving reduced commissions, expecting to be indemnified by the quantity of goods they had induced him to believe they would procure. The plaintiff gave them his, in order that they might procure the sale of them among those of their other customers. In selling them, the defendant acted as the direct agent of J. Howe & co., and was accountable to them for the proceeds: there was no privity between the plaintiff and *23 defendant. The goods were sold by the latter, as the property of J. Howe & co., and he is in no way liable to him.
Maybin for the plaintiff, Livingston for the defendant.
I therefore conclude, that the judgment of the district court ought to be affirmed with costs.